*In re* LAMBIE'S ESTATE.

EXECUTORS AND ADMINISTRATORS — SETTLEMENT OF ESTATE — REFUSAL TO FILE ACCOUNT.

An estate is properly assigned to the sole devisee, and the executors discharged, where the latter have refused to file their account, in obedience to an. order of court, after the parties in interest have adjusted the affairs of the estate to their satisfaction.

Error to Wayne; Carpenter, J.    Submitted January 15, 1897.    Decided March 17, 1897.

John H. Thomas and Charles Cameron, executors of the last will and testament of Francis Lambie, deceased, appealed from an order of the probate court closing the estate and discharging the executors. The order was affirmed in the circuit court, and the executors bring error. Affirmed.

*John Galloway* (*George H. Prentis*, of counsel), for appellants.

*Gray & Gray*, for James Lambie, sole devisee.

HOOKER, J. The probate court for the county of Wayne made an order, upon application of the sole devisee under the will of Francis Lambie, deceased, requiring the appellants to file their final account in said court within five days after being served with notice. This they refused to do, and, after hearing counsel for the

appellants in opposition, an order was made by said court that the residue of the estate be assigned to James Lambie, the petitioner, and that Orla B. Taylor, special administrator, and John H. Thomas and Charles Cameron (the appellants), be discharged from all further liability as such, and that the estate be closed. An appeal was taken by these appellants to the circuit court, where the order was affirmed.

The decision of the court seems to proceed upon the theory that the estate is settled, except the claim of the appellants, which it was their duty to present and have passed upon by the probate court; that, while there was a just claim, it was impossible for the court to determine the amount except by an adjustment of their accounts; that, up to the date of the trial at circuit, they had filed no account, nor had they made any excuse for their failure to do so, except that the estate was not in readiness to settle, and that they had a right to proceed with the settlement. The parties in interest appear to have adjusted the affairs of the estate to their satisfaction, and were entitled to know the amount due to the executors, and have it paid, so that the estate could be distributed. The executors have no interest in an estate after the debts are paid, and those entitled to the property have adjusted the matter between themselves, further than to receive their compensation and be discharged. The executors have refused to file their account in obedience to the order of the court, and we think that it was proper to refuse to keep the estate open longer for their accommodation.

The orders of the circuit and probate courts are affirmed, with costs, and it will be certified accordingly.

The other Justices concurred.